IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                     CRIMINAL NO.  25-81

MONTEZ MOORE

GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

I.      INTRODUCTION

Defendant Montez Moore is charged in an indictment with kidnapping, and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count One), carjacking, and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2 (Count Two), using, carrying, and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Three), robbery which affects interstate commerce, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Four and Five), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, all arising from his role in the robbery of a cellphone store and the kidnapping and carjacking of an employee of that business on December 31, 2021 in Philadelphia, as well as the gunpoint robbery of a second cellphone store on November 19, 2022 in Philadelphia.

II.     APPLICABLE STATUTES AND ESSENTIAL ELEMENTS OF THE OFFENSES

        Count One – Kidnapping, 18 U.S.C. § 1201(a)(1)

To prove a violation of Title 18, United States Code, Section 1201(a), the government must prove the following elements beyond a reasonable doubt:

1. That the defendant seized or confined or inveigled or decoyed or kidnapped or abducted or carried away the victim;

2. That the defendant held the victim hostage for ransom or reward or for any other reason;

3. That the victim was transported in interstate commerce, or the defendant traveled in interstate commerce, or the defendant used any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the commission of the offense; and

4. That the defendant acted unlawfully, knowingly, and willfully.

*See* Sand, et al., Modern Federal Jury Instructions, 42-2 (modified); adopted from *United States, v. Sherman*, 2022 WL 20209159 (D. Md. June 9, 2022).

**Count Two – Carjacking, 18 U.S.C. § 2119**

To prove a violation of Title 18, United States Code, Section 2119(1), the government must

prove the following elements beyond a reasonable doubt:

1. That the defendant took a motor vehicle from the person or presence of another;

2. The defendant took the vehicle by using force and violence or by acting in an intimidating manner;

3. The defendant acted with intent to cause death or serious bodily harm; and

4. The motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

Modern Federal Jury Instructions-Criminal, P 53A-2.

**Count Three – Using, Carrying, and Brandishing a Firearm During and in Relation to of a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii)**

To prove a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), the

government must prove the following elements beyond a reasonable doubt:

1. That the defendant committed the crime of [carjacking in Count Two];

2. That during and in relation to the commission of the crime, the defendant knowingly carried, used, or discharged a firearm; and

2

3.  That the defendant carried, used, brandished or discharged the firearm during and in relation to the crime of [carjacking].

Third Circuit Model Criminal Jury Instructions § 6.18.924A.

**Counts Four and Five – Robbery which Interferes with Interstate Commerce, 18 U.S.C. § 1951(a)**

To prove a violation of Title 18, United States Code, Section 1951(a), the government must prove the following elements beyond a reasonable doubt:

1.  The defendant obtained or took the personal property of another, or from the presence of another;

2.  The defendant took this property against the victim's will by means of actual or threatened force, violence, or fear of injury, whether immediately or in the future, to his person or property, or property in his custody; and

3.  As a result of the defendant's actions, interstate commerce, or any item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

Third Circuit Model Criminal Jury Instructions § 6.18.1951.

**Counts One, Two, Three, Four and Five – Aiding and Abetting, 18 U.S.C. § 2**

To establish a violation of Title 18, United States Code, Section 2, the government must prove the following elements beyond a reasonable doubt:

1.  That the principal committed the offense charged by committing each of the elements of the offense;

2.  That the defendant (accomplice) knew that the offense charged was/were going to be committed or was/were being committed by the principal;

3.  That the defendant knowing did some act for the purpose of aiding/assisting/soliciting/facilitating/encouraging the principal in committing the specific offense charged in the indictment that the principal committed that specific offense; and

4.  That the defendant performed an act in furtherance of the offense.

Third Circuit Model Criminal Jury Instruction § 7.02

3

**III**.    **MAXIMUM AND MANDATORY MINIMUM PENALTIES**

The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentences: Count One (kidnapping), lifetime imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment; Count Two (carjacking), 15 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; Count Three (using, carrying, and brandishing a firearm during and in relation to a crime of violence), lifetime imprisonment, a mandatory 7 years' imprisonment consecutive to any other sentence of imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment; and Counts Four and Five (robbery which interferes with interstate commerce), 20 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum and Mandatory Minimum Sentence is lifetime imprisonment, a 7-year mandatory term of imprisonment consecutive to any other sentence of imprisonment, 5 years of supervised release, a $1,500,000 fine, and a $500 special assessment. Forfeiture of all proceeds and all property involved in the offense also may be ordered.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years on Count Three, and up to two years on Counts One, Two, Four and Five. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

IV.     **FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

A.  **Kidnapping and Carjacking of Victim 1, and Robbery of South Philly Wireless on December 31, 2021 (Counts One, Two, Three and Four)**

On December 31, 2021, at approximately 7:00 p.m., C.K. ("Victim 1") – an employee of South Philly Wireless, a cellphone store located at 2104 South Broad Street in Philadelphia – closed up for the night and drove home to his apartment in the vicinity of 3900 City Avenue. Upon parking his 2021 Volkswagen Jetta, Victim 1 was approached by A.G., who brandished a pistol. Victim 1 was then stripped of his phone and wallet, zip-tied and ordered to lay in the backseat of his Volkswagen. A cooperating witness ("CW-2") then entered the driver's seat of Victim 1's car and drove Victim 1 back to South Philly Wireless, where the defendant, who had travelled there separately, confiscated Victim 1's keys and used them to access the storefront. Victim 1 remained inside his car with CW-2 at the wheel while the defendant took several trips to and from the storefront and loaded stolen merchandise into Victim 1's car. Once the car was full, CW-2 drove Victim 1 to an unknown residential street in North Philadelphia, where CW-2 and A.G. unloaded the merchandise from Victim 1's car and then left him there. Victim 1 relayed this information to police detectives in the early morning hours of January 1, 2022 and reported that cellphones, tablets and PlayStation gaming consoles were stolen from South Philly Wireless. The case remained unsolved for three years.

In November 2024, another cooperating witness (CW-1) advised that the defendant, A.G., and CW-2 committed the kidnapping and carjacking of Victim 1 and went on to rob South Philly Wireless on December 31, 2021. To corroborate this information, the government obtained a

5

warrant to search the Facebook and Instagram accounts of the defendant, A.G., and CW-2. The government observed chat communications between the defendant, A.G., and CW-2 about South Philly Wireless in November and December 2022. Surveillance footage obtained from South Philly Wireless confirmed that numerous items were stolen from the store by a masked man while a Volkswagen was parked out front. It was apparent that at least two people were present inside the vehicle.

CW-2 later admitted to the FBI that the defendant scouted South Philly Wireless as a location to rob because the defendant had previously conducted business with the store's owner and knew the owner would be out of town over the New Year's holiday. CW-2 stated that on the night of the robbery, he and A.G. and the defendant planned to kidnap Victim 1, steal his keys and bring him back to the South Philly Wireless. After observing Victim 1 close the store for the evening, the men followed Victim 1 back to his apartment on City Avenue. Upon arrival, A.G. brandished a firearm at Victim 1 while CW-2, who was armed with a 9mm pistol, entered the driver's seat of Victim 1's Volkswagen and drove him back to South Philly Wireless. Victim 1 would also testify that he was held at gunpoint and zip-tied before being forced into the back of his own car. CW-2 would then explain that when they arrived, the defendant, who was wearing a mask, met them there and retrieved Victim 1's keys and entered the store, returning several times to the Volkswagen to load boxes of merchandise into the front and back seats and trunk. Once they finished stealing electronics from South Philly Wireless, CW-2 drove Victim 1 to a street in North Philadelphia, unloaded the merchandise, and abandoned the Volkswagen and Victim 1 on the side of the road. The defendant later met A.G. and CW-2 at CW-2's house and divvyed up the proceeds from the robbery.

The government would also introduce evidence establishing that the coat worn by the defendant on the night of December 31, 2021 was the same coat recovered from his apartment during a search warrant that was executed there in May 2023. A comparison of the surveillance footage from South Philly Wireless and the body worn camera footage of the officers searching the defendant's apartment established that the defendant still possessed the same coat he wore during the robbery.

The government would establish through a certified business record that the Volkswagen Jetta was a motor vehicle that was manufactured in Mexico and imported to a dealership in New Jersey. Thus, by virtue of the Volkswagen's presence in Pennsylvania it had been transported in interstate and foreign commerce.

### B. Robbery of Castor Cellular on November 19, 2022 (Count Five)

On November 19, 2022, at approximately 8:00 p.m., S.H. ("Victim 2"), an employee of Castor Cellular located at 7112 Castor Avenue in Philadelphia, was closing the store for the evening and carried a billboard from the sidewalk inside the front door of the store. At that time, CW-1, who was wearing in a facemask and who was armed with a gun, forced his way inside the store and tackled Victim 2 to the ground. CW-1 was immediately followed by two thinly built males in ski masks and armed with pistols ("Person 1" and "Person 2"). Victim 2 was instructed to turn out the lights and the men forced Victim 2 to the back of the store where he was directed to open a safe. Person 1 and Person 2 then ransacked the store for several minutes, putting cellphones and electronics into garbage bags. A short time later, the defendant entered the business and assisted Person 1 and Person 2 with loading the stolen merchandise into garbage bags. The men fled through a backdoor and left Victim 2 inside the store. Victim 2 reported that approximately $2,000 in cash and numerous Apple iPhones were stolen during the robbery.

CW-1 and a second cooperating witness (CW-2) both admitted to their roles in the offense, and both identified the defendant as being the man who entered after Victim 2 was subdued. They also identified the defendant as one of the individuals who loaded numerous boxes of phones into a garbage bag and then fled through the rear of the business. At the time of the robbery, the store's video surveillance captured the defendant wearing a black and white varsity-style jacket with distinctive lettering on the lapels. A review of the defendant's Instagram photos revealed a post in which he wore the same jacket. Moreover, various Instagram chats between the defendant and CW-1 discussed the robbery proceeds of Castor Cellular within a few days after the crime was committed.

For both criminal events, the government would establish that Apple iPhones are not manufactured in the United States, and the defendant's theft of iPhones during the robberies of South Philly Wireless and Castor Cellular affected or had the potential of affecting interstate and foreign commerce.

## V.    **PLEA AGREEMENT**

The parties have executed a plea agreement that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI.    <u>CONCLUSION</u>

The government requests that the Court conduct a hearing under Federal Rule of Criminal Procedure 11 and if warranted then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Justin Ashenfelter*
JUSTIN ASHENFELTER
Assistant United States Attorney

IZABELLA BABCHINETSKAYA
Special Assistant United States Attorney

Date: November 14, 2025

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of the Government's Change of Plea

Memorandum served by electronic mail on the following counsel for the defendant:

James McHugh, Esq.
James_McHugh@fd.org


/s/ Justin Ashenfelter
JUSTIN ASHENFELTER
Assistant United States Attorney


Date:  November 14, 2025